FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 0 5 2005

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

1  James A. McDevitt
   United States Attorney
2  Eastern District of Washington
   George J.C. Jacobs, III
3  Assistant United States Attorney
   Post Office Box 1494
4  Spokane, WA 99210-1494
   Telephone: (509) 353-2767
5

**CR-05-0180-LRS**

6            UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF WASHINGTON
7

8  UNITED STATES OF AMERICA,            )
                                        )        INDICTMENT
9            Plaintiff,                 )
                                        )   Vio:  18 U.S.C. §§ 371, 1341
10                                      )         and 1343
                                        )         Conspiracy To Commit
11       vs.                            )         Mail Fraud and Wire
                                        )         Fraud
12                                      )         (Count 1)
   DIXIE ELLEN RANDOCK,                 )
13 STEVEN KARL RANDOCK, SR.,            )         18 U.S.C. §§ 1956(h)
   RICHARD JOHN NOVAK,                  )         Conspiracy to Launder
14 BLAKE ALAN CARLSON,                  )         Monetary Instruments
   AMY LEANN HENSLEY,                   )         (Count 2)
15 HEIDI KAE LORHAN,                    )
   ROBERTA LYNN MARKISHTUM, and         )         18 U.S.C. §§ 981(a)(1)(C)
16 KENNETH WADE PEARSON,                )         982(a)(1) and
                                        )         28 U.S.C. § 2461(c)
17           Defendants.                )         Criminal Forfeiture
                                        )         (Count 3)
18                                      )

19

20

21       The Grand Jury Charges:

22              <u>GENERAL ALLEGATIONS</u>

23 At all material times to this Indictment,

24       1.      Defendants DIXIE ELLEN RANDOCK and STEVEN KARL

25 RANDOCK, SR. resided at 3127 East River Glen, Colbert, Washington. They

26 together owned and operated several internet businesses. These internet

27 businesses, owned by defendants DIXIE ELLEN RANDOCK and STEVEN

28 KARL RANDOCK, SR., used the names "St. Regis University," "Robertstown

INDICTMENT - 1
P51003GJ GJA.wpd

1  University," and "James Monroe University" and they were diploma mills in that
2  these "universities" had no legitimate faculty members, offered no legitimate
3  academic curriculum or services, required no course or class work, and were not
4  recognized by the United States Department of Education.

5      2.      Defendant HEIDI KAE LORHAN, resided at 14308 East 22d
6  Avenue, Veradale (also known as Spokane Valley), Washington, and was
7  employed by defendants DIXIE ELLEN RANDOCK and STEVEN KARL
8  RANDOCK, SR.

9      3.      Defendant AMY LEANN HENSLEY resided at 8015 East Baldwin,
10 Spokane, Washington, and was employed by defendants DIXIE ELLEN
11 RANDOCK and STEVEN KARL RANDOCK, SR.

12     4.      Defendant ROBERTA LYNN MARKISHTUM resided in Spokane,
13 Washington, and was employed by defendants DIXIE ELLEN RANDOCK and
14 STEVEN KARL RANDOCK, SR.

15     5.      Defendant BLAKE ALAN CARLSON resided in Spokane,
16 Washington, and was the President of Northwest Business Stamp, Inc. in Spokane,
17 Washington.  Northwest Business Stamp, Inc. was engaged in the business of
18 making seals, pre-inked and rubber stamps, name tags, and interior engraved
19 signs.

20     6.      Defendant RICHARD JOHN NOVAK resided in Peoria, Arizona and
21 was employed by defendants DIXIE ELLEN RANDOCK and STEVEN KARL
22 RANDOCK, SR.

23     7.      Defendant KENNETH WADE PEARSON, resided in Spokane,
24 Washington, and was employed by defendants DIXIE ELLEN RANDOCK and
25 STEVEN KARL RANDOCK, SR.

26                          COUNT 1
27              (Conspiracy To Commit Wire/Mail Fraud)
28     8.      Paragraphs 1 through 7 of the General Allegations section of this

INDICTMENT - 2
P51003GJ GJA.wpd

1  Indictment are realleged and incorporated herein by reference.

2  THE CONSPIRACY AND ITS OBJECTS

3      9.      From a date unknown to the Grand Jury, but beginning at least by on

4  or about August 4, 1999, and continuing thereafter up to and including August 11,

5  2005, within the Eastern District of Washington and elsewhere, defendants DIXIE

6  ELLEN RANDOCK, STEVEN KARL RANDOCK, SR., RICHARD JOHN

7  NOVAK, BLAKE ALAN CARLSON, AMY LEANN HENSLEY, HEIDI KAE

8  LORHAN, ROBERTA LYNN MARKISHTUM, and KENNETH WADE

9  PEARSON did knowingly combine, conspire, confederate, agree with each other,

10 and with others known and unknown to the Grand Jury, to commit an offense

11 against the United States, to wit: mail fraud, in violation of Title 18, United States

12 Code, Section 1341; and wire fraud, in violation of Title 18, United States Code,

13 Section 1343.

14  THE SCHEME AND ARTIFICE TO DEFRAUD

15     10.     At a date unknown, but beginning at least by on or about August 4,

16 1999, and continuing thereafter up to and including August 11, 2005, in the

17 Eastern District of Washington and elsewhere, defendants DIXIE ELLEN

18 RANDOCK, STEVEN KARL RANDOCK, SR., RICHARD JOHN NOVAK,

19 BLAKE ALAN CARLSON, AMY LEANN HENSLEY, HEIDI KAE LORHAN,

20 ROBERTA LYNN MARKISHTUM, and KENNETH WADE PEARSON did

21 knowingly and willfully devise and intend to devise a scheme and artifice to

22 defraud and to obtain money and property by means of material false and

23 fraudulent pretenses, representations and promises; and for the purpose of

24 executing the scheme and artifice to defraud the defendants used, or caused others

25 to use, the United States Postal Service, commercial interstate carriers, and wire

26 communications in interstate and foreign commerce.  The object of the scheme and

27 artifice to defraud was to obtain money from consumers worldwide by selling

28 those consumers fraudulent academic diplomas, degrees, and records that the

INDICTMENT - 3
P51003GJ GJA.wpd

1 consumers did not earn through actual course work and that were issued by

2 business entities that lacked any accreditation. That scheme and artifice is set

3 forth more fully below.

4 <u>MANNER AND MEANS OF THE CONSPIRACY</u>

5      11.    It was part of the scheme and artifice to defraud that the defendants

6 DIXIE ELLEN RANDOCK, STEVEN KARL RANDOCK, SR., RICHARD

7 JOHN NOVAK, BLAKE ALAN CARLSON, AMY LEANN HENSLEY, HEIDI

8 KAE LORHAN, ROBERTA LYNN MARKISHTUM, and KENNETH WADE

9 PEARSON, for a fee, manufactured, transmitted, and sold fraudulent academic

10 products, including, but not limited to, fraudulent high school "diplomas" and

11 college "degrees," fraudulent academic transcripts, and dean's lists over the

12 internet to thousands of consumers throughout the United States, and foreign

13 countries through various diploma mills, including, but not limited to, "Saint

14 Regis University," "James Monroe University," "Robertstown University,"

15 "Trinity Christian School," and others. The businesses were engaged in the

16 internet sale of fraudulent academic products to consumers throughout the world.

17 Through these businesses, the defendants sold worthless academic products. As

18 part of their service, the defendants would manufacture transcripts for consumers

19 representing that the consumer had taken college-level and graduate-level classes

20 and achieved grade point averages which had never occurred. The defendants sold

21 such products to consumers without requiring the consumer to complete any

22 course work or pass any legitimate testing.

23      12.    It was further part of the scheme and artifice to defraud that,

24 depending on the type of "degree" a consumer wanted to purchase, defendants

25 DIXIE ELLEN RANDOCK, STEVEN KARL RANDOCK, SR., RICHARD

26 JOHN NOVAK, BLAKE ALAN CARLSON, AMY LEANN HENSLEY, HEIDI

27 KAE LORHAN, and ROBERTA LYNN MARKISHTUM, through one or more of

28 the websites registered either in the name of defendants DIXIE ELLEN

INDICTMENT - 4
P51003GJ GJA.wpd

1  RANDOCK and STEVEN KARL RANDOCK, SR., or in the name of a nominee,

2  charged consumers fees ranging from $399.00 to in excess of $2,454.00 per

3  "degree" and accompanying documents.

4      13.    It was further part of the scheme and artifice to defraud that

5  defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR. led

6  consumers, potential consumers, and others throughout the world to believe that

7  "St. Regis University," James Monroe University," and Robertstown University"

8  were legitimate academic institutions of higher learning which had been officially

9  accredited by the Ministry of Education in Liberia.  Consumers were led to believe

10  that these "universities" had a legitimate campus in Monrovia, Liberia, when in

11  truth and fact, they had no such campus.

12      14.    It was further part of the scheme and artifice to defraud that

13  defendants DIXIE ELLEN RANDOCK, STEVEN KARL RANDOCK, SR.,

14  RICHARD JOHN NOVAK, BLAKE ALAN CARLSON, AMY LEANN

15  HENSLEY, HEIDI KAE LORHAN, and ROBERTA LYNN MARKISHTUM

16  used fictitious names, titles, and academic pedigrees when communicating with

17  consumers and employers who were attempting to determine the legitimacy of a

18  degree.

19      15.    It was further part of the scheme and artifice to defraud that

20  defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.

21  falsely advertised "Robertstown University" on the internet with a web page that

22  had a photograph of Blenheim Castle, the birthplace of Sir Winston Churchill and

23  the ancestral home of the Duke of Marlborough, in order to mislead consumers

24  into believing that the building depicted in the photograph was part of the

25  "Robertstown University" campus, of which there was none.

26      16.    It was further part of the scheme and artifice to defraud that

27  defendants DIXIE ELLEN RANDOCK, STEVEN KARL RANDOCK, SR.,

28  BLAKE ALAN CARLSON, RICHARD JOHN NOVAK, HEIDI KAE LORHAN,

INDICTMENT - 5
P51003GJ GJA.wpd

1 AMY LEANN HENSLEY, ROBERTA LYNN MARKISHTUM, and KENNETH

2 WADE PEARSON operated a web of diploma mills and affiliated services

3 whereby foreign consumers could obtain advanced degrees without ever attending

4 classes and then use those misleading credentials to obtain H1B Visas in order to

5 gain entry into, and employment in, the United States of America.

6      17.   It was further part of the scheme and artifice to defraud that

7 defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.

8 owned and operated several "verification" fronts:  including, but not limited to, the

9 "Official Transcript Verification Center," "Official Transcript Archive Center,"

10 and "Academic Credential Assessment Corporation."  These businesses were

11 created so that the defendants could falsely represent to any employer who sought

12 verification of a degree which had been purchased that the degree was legitimate.

13      18.   It was part of the scheme and artifice to defraud that defendants

14 DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR. caused to be

15 fabricated a website entitled www.liberianembassy.com which, to internet

16 consumers, falsely posed as the legitimate and official government website of the

17 Liberian Embassy in Washington, D.C.

18      19.   It was further part of the scheme and artifice to defraud that

19 defendants DIXIE ELLEN RANDOCK, STEVEN KARL RANDOCK, SR.,

20 BLAKE ALAN CARLSON, RICHARD JOHN NOVAK, HEIDI KAE LORHAN,

21 AMY LEANN HENSLEY, and ROBERTA LYNN MARKISHTUM would solicit

22 consumers to take a one-hundred-and-twenty-five (125) question test online and

23 would sell consumers a high school "diploma" even if the consumer only

24 answered twenty-five percent of the questions correctly.

25      20.   It was further part of the scheme and artifice to defraud that, in order

26 to induce consumers into buying one or more of their false and fraudulent

27 academic products, defendants DIXIE ELLEN RANDOCK and STEVEN KARL

28 RANDOCK, SR. solicited consumers through mass-marketing, including the use

INDICTMENT - 6

P51003GJ GJA.wpd

of "spam" e-mail, the creation of websites on the internet, and advertising in a national newspaper and magazines.

21.    It was further part of the scheme and artifice to defraud that, in order to further the diploma mill fraud scheme in other countries throughout the world, defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR. would partner with individuals in other countries; give those individuals advanced "degrees" from one or more of their diploma mill businesses in exchange for allowing those individuals to work as "degree examiners" to "evaluate" and "process" "degrees;" and then share in the profits generated by consumers from that country.

22.    It was further part of the scheme and artifice to defraud that defendants DIXIE ELLEN RANDOCK, STEVEN KARL RANDOCK, SR., BLAKE ALAN CARLSON, RICHARD JOHN NOVAK, HEIDI KAE LORHAN, AMY LEANN HENSLEY, and ROBERTA LYNN MARKISHTUM created and advertised a fictitious "faculty" on one or more of the diploma mill business web pages in order to dupe consumers and employers throughout the world into believing they operated a legitimate institution of higher learning and the degrees they sold were legitimate.

23.    It was further part of the scheme and artifice to defraud that defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR. used mail forwarding boxes in Washington, D.C., and Wilmington, Delaware, in order to facilitate the interstate shipment of fraudulent academic products sold by the diploma mills.

24.    It was further part of the scheme and artifice to defraud that defendant HEIDI KAE LORHAN, who did not have a high school diploma but who was listed as having a PhD degree on one or more of the diploma mill websites, and defendant AMY LEANN HENSLEY "evaluated" consumers in order to determine what type of fraudulent academic credential would be sold to the consumer;

INDICTMENT - 7
P51003GJ GJA.wpd

1  backdated fraudulent academic credentials; communicated with consumers via e-

2  mail; e-mailed to other employees of the diploma mill businesses "templates" in

3  order for a fraudulent academic credential to be printed; and prepared fraudulent

4  "transcripts" for consumers by searching the internet and "cutting and pasting"

5  course descriptions.

6      25.    It was further part of the scheme and artifice to defraud that defendant

7  ROBERTA LYNN MARKISHTUM printed fraudulent education documents,

8  using one or more ink stamps to affix "official-looking" signatures to fraudulent

9  education documents, affixed "official-looking" seals to fraudulent documents,

10  used a "squisher" or embossing tool to create "official-looking" seals for

11  fraudulent documents, communicated with consumers via the internet and by mail,

12  and falsely confirmed via telephone to employers, and potential employers, the

13  validity of the consumers' fraudulent degrees.

14      26.    It was further part of the scheme and artifice to defraud that defendant

15  BLAKE ALAN CARLSON manufactured and sold signature stamps and seals for

16  one or more of defendants DIXIE ELLEN RANDOCK and STEVEN KARL

17  RANDOCK, SR.'s diploma mill businesses, and even though he had never

18  graduated from college, acted as an "advisor" to consumers who purchased

19  fraudulent academic products from the diploma mill businesses.

20      27.    It was further part of the scheme and artifice to defraud that defendant

21  BLAKE ALLAN CARLSON allowed himself to be listed as the "Provost" and

22  "Chief Academic Officer" of "Saint Regis University" and the "Dean of Studies"

23  and "Chief Provost" of "Robertstown University," as a "tenured professor" at

24  "Saint Regis University," and as being the "President" and "Chief Provost" of

25  "James Monroe University."

26      28.    It was further part of the scheme and artifice to defraud that defendant

27  RICHARD JOHN NOVAK worked as a "consultant" to "process" fraudulent

28  academic documents sold to foreign consumers by one or more of the diploma mill

INDICTMENT - 8
P51003GJ GJA.wpd

1  businesses owned by defendants DIXIE ELLEN RANDOCK and STEVEN KARL

2  RANDOCK, SR., and to travel to Washington, D.C., to obtain "authentication"

3  documents, "transcript attestations," and "apostilles" for the false academic

4  products which had been sold to consumers.

5          29.    It was further part of the scheme and artifice to defraud that defendant

6  RICHARD JOHN NOVAK was falsely represented to the public as being

7  "Professor Dr. Richard Novak, PhD (International Business) and Doctor of

8  Education (Educational Administration and Psychology);" as being the "Registrar

9  and Past Chief Provost" who designed and developed the psychology curriculum

10  for all Saint Regis University branch campuses and sponsor universities; as being

11  the past president of the Educational Administration Department at "Blackstone

12  University," and past professor for the MBA program at "Nation State."

13          30.    It was further part of the scheme and artifice to defraud that

14  defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.

15  received in excess of $1.0 million in connection with their worldwide sale of false

16  and fraudulent academic products to consumers over the internet.

17          31.    It was further part of the scheme and artifice to defraud that

18  defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.

19  paid defendants BLAKE ALAN CARLSON, RICHARD JOHN NOVAK, HEIDI

20  KAE LORHAN, AMY LEANN HENSLEY, and ROBERTA LYNN

21  MARKISHTUM "commissions" and/or a salary for their participation in the sale

22  of false and fraudulent academic products to consumers and related services.

23          32.    It was further part of the scheme and artifice to defraud that defendant

24  KENNETH WADE PEARSON was responsible for handling the technology

25  aspects of the diploma mill businesses owned by defendants DIXIE ELLEN

26  RANDOCK and STEVEN KARL RANDOCK, SR.  Defendant KENNETH

27  WADE PEARSON's primary diploma mill business duties included, among other

28  things:  acting as the "web master" of, and hosting from his residence, multiple

INDICTMENT - 9
P51003GJ GJA.wpd

1  diploma mill web sites for defendants DIXIE ELLEN RANDOCK and STEVEN

2  KARL RANDOCK, SR.; registering numerous domain names, with the majority

3  being diploma mill and diploma mill-related sites, at the direction of defendant

4  DIXIE ELLEN RANDOCK; and registering an imposter web domain by the name

5  of www.liberianembassy.com at defendant DIXIE ELLEN RANDOCK's

6  direction.

7      33.    It was further part of the scheme and artifice to defraud that, in order

8  to receive payment for the worldwide sales of fraudulent academic products,

9  defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.

10  opened accounts with PayPal; WorldPay; Cardservice International; American

11  West Bank, located in Chewelah, Washington; Wells Fargo Bank, located in Las

12  Vegas, Nevada; US Bank; the Bank of Fairfield located in Fairfield, Washington;

13  Banc Caribe located in Roseau, Dominica; and Loyal Bank Limited, located in

14  Kingstown, St. Vincent, West Indies.  In order to receive payment for the

15  worldwide sales of fraudulent academic products, defendants DIXIE ELLEN

16  RANDOCK and STEVEN KARL RANDOCK, SR. also received Western Union

17  and other checks from consumers.

18      34.    It was further part of the scheme and artifice to defraud that, in order

19  to ship fraudulent academic products which had been sold to consumers

20  throughout the world, defendants DIXIE ELLEN RANDOCK, STEVEN KARL

21  RANDOCK, SR., HEIDI KAE LORHAN, AMY LEANN HENSLEY, ROBERTA

22  MARKISHTUM, BLAKE ALAN CARLSON, and RICHARD JOHN NOVAK

23  used DHL, Federal Express, and the United States Postal Service.

24      35.    It was further part of the scheme and artifice to defraud that

25  defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.

26  created the "Academic Credential Assessment Corporation," also known as

27  ACAC, for the purpose of self-"accrediting" defendants DIXIE ELLEN

28  RANDOCK and STEVEN KARL RANDOCK, SR.'s diploma mills and to dupe

INDICTMENT - 10
P51003GJ GJA.wpd

1  consumers and employers into believing that the academic products defendants

2  DIXIE ELLEN RANDOCK, STEVEN KARL RANDOCK, SR., HEIDI KAE

3  LORHAN, AMY LEANN HENSLEY, ROBERTA MARKISHTUM, BLAKE

4  ALAN CARLSON, and RICHARD JOHN NOVAK were selling were legitimate.

5  Through ACAC, defendant DIXIE ELLEN RANDOCK and STEVEN KARL

6  RANDOCK, SR. advertised on the internet that, for a fee of $110, ACAC would

7  provide a consumer with an "H 1B Visa Credential Evaluation (based on related

8  experience)" because "INS requires evidence that candidates for H 1B visas hold

9  an equivalent of at least a U.S. Bachelor's Degree. Additionally, Green Card

10  Lottery Winners must show at least an Equivalent of U.S. High School Diploma

11  and/or two years minimum experience as a skilled worker." The ACAC website

12  further advertised on the internet that "Individuals who plan to seek licensure or

13  certification to practice in a particular state in the United States (e.g., teacher,

14  engineer, physical therapist), will usually need to have their educational

15  credentials evaluated. Prospective employers often require an evaluation [of] an

16  individual's foreign degree attesting the equivalency to an appropriate U.S.

17  education." The ACAC website also created the appearance that it was a

18  legitimate credential evaluator by containing images of a diploma and individuals

19  wearing academic gowns and mortar boards with tassels.

20      36.   It was further part of the scheme and artifice to defraud that

21  defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.

22  owned and operated "Advanced Educational Institute Trust," also known as AEIT.

23  AEIT's business addresses were listed as 14525 Newport Highway, Mead,

24  Washington, and 601 East Seltice Way, B8, Post Falls, Idaho. AEIT billed

25  consumers for the sale of fraudulent academic products. "Saint Regis University"

26  was a subsidiary of AEIT.

27      37.   It was further part of the scheme and artifice to defraud that

28  defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.

INDICTMENT - 11
P51003GJ GJA.wpd

1  owned "A+ Institute."  Its business addresses were listed as 14525 North Newport

2  Highway, Mead, Washington, and 601 East Seltice Way, Suite 8-B, Post Falls,

3  Idaho.  During the scheme,  "A+ Institute" entered into an agreement with

4  MarketTrends Productions located in California for Markettrends Productions to

5  host fifty-five domain names, including www.liberiaembassy.com,

6  www.university-services.net,  www.saintregisuniversity.ac,

7  www.robertstownuniversity.ac, and www.jmuniversity.ac .

8  OVERT ACTS

9      38.    The allegations contained in paragraphs 11 through 37 are realleged

10  and incorporated herein by reference.  In furtherance of the agreement and to

11  accomplish the objects of the conspiracy, one or more of the defendants performed

12  the following overt acts in the Eastern District of Washington and elsewhere.

13  **Dixie Ellen Randock**

14      39.    At a date unknown but at least by on or about February 17, 2001,

15  defendant DIXIE ELLEN RANDOCK purchased a web hosting plan from

16  MarkeTrends Productions, Loomis, California, to facilitate the sale of fraudulent

17  academic products to consumers.

18      40.    At a date unknown, but at least while one or more of the diploma

19  mills was using space at the office building located at 14525 Newport Highway,

20  Mead, Washington, defendant DIXIE ELLEN RANDOCK instructed defendant

21  AMY LEANN HENSLEY to forge the signature of defendant BLAKE ALAN

22  CARLSON and to have a rubber stamp made in order to affix defendant BLAKE

23  ALAN CARLSON's forged signature on fraudulent academic documents sold to

24  consumers.

25      41.    On or about November 1, 2001, defendant DIXIE ELLEN

26  RANDOCK sent an e-mail to a mail forwarding service in Washington, D.C., used

27  by defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.

28  in connection with their diploma mill businesses, inquiring how often incoming

INDICTMENT - 12
P51003GJ GJA.wpd

1   mail would be forwarded to her at 14525 Newport Highway, Mead, Washington.

2       42.    In or about 2001, defendants DIXIE ELLEN RANDOCK and

3   STEVEN KARL RANDOCK, SR. paid defendant AMY LEANN HENSLEY

4   approximately $15,390 in commissions in connection with the sale of fraudulent

5   academic products to consumers.

6       43.    In or about 2002, defendants DIXIE ELLEN RANDOCK and

7   STEVEN KARL RANDOCK, SR. paid defendant AMY LEANN HENSLEY

8   approximately $17,808 in commissions in connection with the sale of fraudulent

9   academic products to consumers.

10      44.    At a date unknown, but at least by in or about 2002, defendant DIXIE

11  ELLEN RANDOCK contacted defendant RICHARD JOHN NOVAK and offered

12  him a position to process false and fraudulent academic documents sold to

13  consumers by one or more of her diploma mills.

14      45.    On or about April 28, 2003, defendant DIXIE ELLEN RANDOCK

15  sent an e-mail via the internet to defendant AMY LEANN HENSLEY requesting

16  defendant AMY LEANN HENSLEY to send by facsimile the following

17  instructions, among others, to defendant RICHARD JOHN NOVAK in Monrovia,

18  Liberia: "You can offer money to back date or whatever to get accreditation for

19  James Monroe and Robertstown. I'd like to have a physical location for all three

20  but with slightly different addresses. We need three phone numbers for them and

21  someone to answer to damn phones and say we are fully accredited. I'd like to

22  hire about 10-20 Liberian professors at $50-$100 per month each – they must be

23  real and available by phone or e-mail. The first time they do not say the right

24  thing their money gets cut off permanently. I don't even care if the Ed Minister

25  does nothing but the Higher Education guy makes something up and accredits us

26  and verifies it by phone. Just something saying 'accreditation.' I think it will work

27  for our purposes if we can get him to do that."

28      46.    In or about May 2003, defendant DIXIE ELLEN RANDOCK

INDICTMENT - 13
P51003GJ GJA.wpd

1    submitted an application for AACRAO Institutional Membership on behalf of

2    "Saint Regis University" representing that defendant BLAKE ALAN CARLSON,

3    who had no college degree, was the "Provost" of "Saint Regis University" and was

4    located at "73 Carey Street, West Wing S&G Building, 1000, Monrovia 10

5    Liberia, West Africa."

6         47.    In or about May 2003, defendant DIXIE ELLEN RANDOCK

7    submitted an application for AACRAO Institutional Membership on behalf of

8    "Saint Regis University" representing that defendant RICHARD JOHN NOVAK

9    was the "Registrar" of "Saint Regis University" and was located at "73 Carey

10   Street, West Wing S&G Building, 1000, Monrovia 10 Liberia, West Africa."

11        48.    In or about 2003, defendants DIXIE ELLEN RANDOCK and

12   STEVEN KARL RANDOCK, SR. paid defendant AMY LEANN HENSLEY

13   approximately $46,431 in commissions in connection with the sale of fraudulent

14   academic products to consumers.

15        49.    On or about April 15, 2003, defendant DIXIE ELLEN RANDOCK

16   instructed defendant AMY LEANN HENSLEY via e-mail on how commissions

17   for the sale of fraudulent academic products were to be apportioned.

18        50.    At a date unknown but at least by on or about June 19, 2003,

19   defendant DIXIE ELLEN RANDOCK, who was not an employee of the Liberian

20   Government or the Liberian Embassy in Washington, D.C., set up an e-mail

21   account entitled "gov@liberiaembassy.com."

22        51.    On or about June 19, 2003, defendant DIXIE ELLEN RANDOCK

23   sent defendant KENNETH WADE PEARSON an e-mail regarding moving the

24   contents of the imposter Liberian Embassy website that defendants DIXIE ELLEN

25   RANDOCK and STEVEN KARL RANDOCK, SR. had been operating at

26   www.liberiaembassy.com to www.liberianembassy.com.

27        52.    In or about 2004, defendants DIXIE ELLEN RANDOCK and

28   STEVEN KARL RANDOCK, SR. paid defendant AMY LEANN HENSLEY

INDICTMENT - 14
P51003GJ GJA.wpd

1  approximately $11,097 in commissions in connection with the sale of fraudulent
2  academic products to consumers.

3      53.    On or about October 2, 2004, defendant DIXIE ELLEN RANDOCK
4  sent an e-mail to defendant RICHARD JOHN NOVAK instructing defendants
5  RICHARD JOHN NOVAK and STEVEN KARL RANDOCK, SR. to set up a new
6  diploma mill without any "history."

7      54.    On or about April 6, 2005, defendant DIXIE ELLEN RANDOCK,
8  using the false identity "Jallah," with an e-mail address of info@university-
9  services.net, sent an e-mail to a Special Agent with the United States Secret
10  Service, Department of Homeland Security, who was acting in an undercover
11  capacity using the name Greg Roberts, and posing as the President of Randolph
12  Addison Davis Technical University, with the undercover e-mail address of
13  greginthe desert@hotmail.com., offering to give Greg Roberts advice to "deal with
14  and overcome the many limitations of laws regarding higher education
15  regulations."

16      55.    On or about April 11, 2005, defendant DIXIE ELLEN RANDOCK,
17  using the false identity "Jallah," with an e-mail address of info@university-
18  services.net, sent an e-mail to Greg Roberts regarding "partnership/affiliation/buy-
19  out/services," recommending him to work with her "International Liaison,"
20  defendant RICHARD JOHN NOVAK, advising him to "operate offshore,"
21  representing that she specializes in the establishment of legally authorized
22  institutes of higher learning, and asserting that she can assist him in the opening of
23  an offshore corporate bank account and a registered office in Delaware with mail
24  forwarding services for a fee of $35,000, and offering a "deeply discounted
25  Apostille and U.S. and Foreign Embassy Seal service."

26      56.    On or about May 2, 2005, defendant DIXIE ELLEN RANDOCK,
27  using the false identity "Jallah," with an e-mail address of info@university-
28  services.net, sent an e-mail to Greg Roberts regarding "partnership/affiliation/buy-

INDICTMENT - 15
P51003GJ GJA.wpd

out/services," recommending that he contact defendant RICHARD JOHN

NOVAK in Arizona.

**Steven Karl Randock, Sr.**

57.   On or about December 30, 2000, defendant STEVEN KARL

RANDOCK, SR., using the fictitious identity "Fr. Stephen Frendock," sent a

"sample transcript" to a consumer via the internet and an e-mail advising the

consumer that defendants DIXIE ELLEN RANDOCK and STEVEN KARL

RANDOCK, SR.'s degree verification front, the "Official Record Verification

Center," would falsely verify to any company, state, county or city agency who

inquired that any degree that one of their diploma mills had sold to the consumer

was legitimate.

58.   On or about January 2, 2001, defendant STEVEN KARL

RANDOCK, SR., using the fictitious identity "Fr. Stephen Frendock," sent an e-

mail to a consumer regarding "Degree Evaluation Results" and the sale of a

backdated "Bachelor of Science Degree in Criminal Justice" and a backdated

"Masters in Public Administration Degree," which the consumer had purchased

from one of defendants DIXIE ELLEN RANDOCK and STEVEN KARL

RANDOCK, SR.'s diploma mills.

59.   At a date unknown but at least by on or about February 17, 2001,

defendant STEVEN KARL RANDOCK, SR. purchased a web hosting plan from

MarkeTrends Productions, Loomis, California, in order to facilitate the sale of

fraudulent academic products to consumers.

60.   On or about February 11, 2002, defendant STEVEN KARL

RANDOCK, SR. sent a letter, account opening applications, and other documents

via Registered Mail from Colbert, Washington, to Banc Caribe in Roseau,

Commonwealth of Dominica, West Indies, requesting that funds from the

WorldPay merchant account held in the name of "Saint Regis University (AEIT

Graduate School Peer Degree Program)" be directly deposited into a checking

INDICTMENT - 16

P51003GJ GJA.wpd

1  account held in the name of "Saint Regis University (AEIT Peer Degree

2  Program)" at Banc Caribe.

3      61.   On or about May 15, 2002, defendant STEVEN KARL RANDOCK,

4  SR., acting as an "Administrator" on behalf of "Saint Regis University," purchased

5  advertising from USA Today.

6      62.   On or about June 19, 2003, defendant STEVEN KARL RANDOCK,

7  SR., using his VISA credit card, paid $161.95 to register an imposter website

8  called www.Liberianembassy.com  with an e-mail address of

9  gov@liberianembassy.com .

10      63.   On or about October 2, 2003, defendant STEVEN KARL

11  RANDOCK, SR., acting on behalf of the "Official Transcript Verification Center"

12  and "Saint Regis Educational Services," rented a mail forwarding box in

13  Wilmington, Delaware.

14      64.   On or about October 2, 2003, defendant STEVEN KARL

15  RANDOCK, SR., acting on behalf of the "Official Transcript Verification Center"

16  and "Saint Regis Educational Services," requested PakMail to forward weekly via

17  Federal Express any mail received at the mail box he rented in Wilmington,

18  Delaware, to himself at "14525 Newport Highway, Mead, Washington."

19      65.   On or about August 18, 2004, defendant STEVE KARL RANDOCK,

20  SR., rented office space located at the Post Falls Professional Center, 601 East

21  Seltice Way, Post Falls, Idaho, in order to move some of defendants DIXIE

22  ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.'s diploma mill

23  operations to that location.

24      66.   On or about June 16, 2005, defendant STEVEN KARL RANDOCK,

25  SR., executed a resolution that the name "Saint Regis University (AEIT Peer

26  Degree Program) Graduate Schools, Inc." was changed to the name "AEIT, Inc."

27

28

INDICTMENT - 17
P51003GJ GJA.wpd

**Heidi Kae Lorhan**

67.    On or about January 13, 2003, defendant HEIDI KAE LORHAN instructed defendant AMY LEANN HENSLEY to "run" a payment of $250 for a PhD for an individual not named in this Indictment because he is "referring a bunch of people."

68.    At a date unknown, but at least by February 28, 2005, defendant HEIDI KAE LORHAN used the fictitious identity "Advisor James" when communicating with consumers throughout the world.

### Jeffrey Rowley Transaction

69.    On or about February 28, 2005, defendant HEIDI KAE LORHAN, using the fictitious identity "Advisor James" from "James Monroe University," with an e-mail address of "counselor0@advancedu.org" , sent an e-mail from "University-Services<forward1@university-services.net>" to a Special Agent with the United States Secret Service, Department of Homeland Security, who was acting in an undercover capacity as a high school dropout using the name Jeffrey Rowley, and who was using the undercover e-mail address rowleygolf@yahoo.com, thanking Jeffrey Rowley for his interest in the "Degrees By Exam Program," and advising him that in order to test "for qualification for a High School Diploma and/or Associate of Arts Degree" to "proceed to www.university-services.net/james_sru/high_school/test.html" or to test "for qualification for a Bachelor Degree" to "proceed to your exam at www.advancedu.org/test_site_degrees_by_exam_01.htm."

70.    On or February 28, 2005, defendant HEIDI KAE LORHAN caused an e-mail from info@gradsonline.org to be sent to Jeffrey Rowley notifying him that he had successfully registered at E-Grads, providing him with a password, instructing him to take an exam, notifying him that he will be taken to PayPal to pay his graduation fee and that he will be a graduate the moment he has passed the exam and paid the graduation fee, and notifying him that his "diploma and

INDICTMENT - 18
P51003GJ GJA.wpd

1   transcripts may be printed out, or saved for later use, or e-mailed to whomever."

2        71.    On or about March 1, 2005, defendant HEIDI KAE LORHAN, using

3   the fictitious identity "James," sent an e-mail from "University-

4   Services<forward1@university-services.net>" to Jeffrey Rowley referring him to

5   "Breyer State U," and two other universities that would accept the "Monroe

6   University Diploma and AA degree" sold to him.

7        72.    On or about March 16, 2005, defendant HEIDI KAE LORHAN,

8   using the fictitious identity "James" and fictitious title "Admissions Assistant,"

9   sent an e-mail from "University-Services<forward1@university-services.net>" to

10  Jeffrey Rowley at the e-mail address rowleygolf@yahoo.com, notifying Jeffrey

11  Rowley that "James Monroe University's Office of Admissions" had approved

12  him for a "Bachelor of Arts in Liberal Arts" degree and a "Bachelor of Arts in

13  Business Administration" degree; that "all academic requirements have been met

14  and there are no further courses to take;" that Jeffrey Rowley was "in the top

15  percentage of applicants;" that "James Monroe University" accepts payment for a

16  "graduation fee" by Visa, Mastercard, American Express, PayPal, bank wire

17  transfer, and check; and that he could pay online at www.university-

18  services.net/jamesmonroe/fp_ja.html.

19       73.    On or about April 1, 2005, defendant HEIDI KAE LORHAN, using

20  the fictitious identity "James," sent an e-mail from "University-

21  Services<forward1@university-services.net>" to Jeffrey Rowley at the e-mail

22  address rowleygolf@yahoo.com, attaching proofs of the fraudulent academic

23  products he purchased.

24       74.    On or about April 2, 2005, defendant HEIDI KAE LORHAN, using

25  the fictitious identity "James," sent an e-mail from "University-

26  Services<forward1@university-services.net>" to Jeffrey Rowley at the e-mail

27  address rowleygolf@yahoo.com, notifying Jeffrey Rowley that the fraudulent

28  academic products he purchased would be printed and shipped to him.

INDICTMENT - 19
P51003GJ GJA.wpd

1

2                     **Anthony Gwynn Transaction**

3         75.    On or about March 3, 2005, defendant HEIDI KAE LORHAN sent an

4    e-mail from "University-Services<forward1@university-services.net>" to a

5    Special Agent with the United States Secret Service, Department of Homeland

6    Security, who was acting in an undercover capacity using the name Anthony

7    Aaron Gwynn and who was using the undercover e-mail address

8    Agonthebeach@hotmail.com, to send documents by facsimile to 202-318-0568

9    within three business days.

10        76.    On or about March 10, 2005, defendant HEIDI KAE LORHAN,

11   using the fictitious identity "James" and fictitious title "Admissions Assistant,"

12   sent an e-mail from "University-Services<forward1@university-services.net>" to

13   Anthony Gwynn at the e-mail address Agonthebeach@hotmail.com, notifying

14   Anthony Gwynn that:  "James Monroe University's Office of Admissions" had

15   approved him for "degrees" in "Bachelor of Arts in Business Administration" and

16   "Bachelor of Business Administration in Business Administration;"  "James

17   Monroe University takes pride in its graduates;" Anthony Gwynn was "in the top

18   percentage of applicants;" "James Monroe University" accepts payment for

19   "graduation fees" by Visa, Mastercard, American Express, PayPal, bank wire

20   transfer, and check; and he could pay online at www.university-

21   services.net/jamesmonroe/fp_ja.html.

22        77.    On or about March 10, 2005, defendant HEIDI KAE LORHAN,

23   using the fictitious identity "James," sent an e-mail from "University-

24   Services<forward1@university-services.net>" to Anthony Gwynn at the e-mail

25   address Agonthebeach@hotmail.com, thanking Anthony Gwynn for his payment

26   of $2,454 in graduation fees.

27        78.    On or about March 10, 2005, defendant HEIDI KAE LORHAN,

28   using the fictitious identity "James," sent an e-mail from "University-

INDICTMENT - 20
P51003GJ GJA.wpd

1  Services<forward1@university-services.net>" to Anthony Gwynn at the e-mail

2  address Agonthebeach@hotmail.com, attaching "proofs" of the "degree" and

3  "Dean's List" he purchased from "James Monroe University" and notifying him

4  that "seals, signatures, borders and backgrounds will appear on your original

5  documents."

6      79.    On or about March 21, 2005, defendant HEIDI KAE LORHAN,

7  using the fictitious identity "James," sent an e-mail from "University-

8  Services<forward1@university-services.net>" to Anthony Gwynn at the e-mail

9  address Agonthebeach@hotmail.com, notifying Anthony Gwynn that the

10  academic products he purchased would be printed and shipped.

**Mohammed Syed Transaction**

12      80.    On or about April 19, 2005, defendant HEIDI KAE LORHAN sent an

13  e-mail from "University-Services<forward1@university-services.net> to a Special

14  Agent with the United States Secret Service, Department of Homeland Security,

15  who was acting in an undercover capacity using the name Mohammed Syed, and

16  posing as a retired Syrian military officer who wanted to quickly acquire college

17  degrees so he could find employment and obtain an H1-B Visa to remain in the

18  United States, and using the undercover e-mail address

19  "msayedholland@juno.com", to send documents by facsimile to 202-318-0568.

20      81.    On or about April 21, 2005, defendant HEIDI KAE LORHAN, using

21  the fictitious identity of "James," sent an e-mail from "University-

22  Services<forward1@university-services.net> to Mohammed Syed at the e-mail

23  address "msayedholland@juno.com" , notifying Mohammed Syed that his

24  documentation was being reviewed for verification and authenticity, which would

25  take approximately forty-eight (48) hours.

26      82.    On or about May 13, 2005, defendant HEIDI KAE LORHAN, using

27  the fictitious identity of "James," sent an e-mail from "University-

28  Services<forward1@university-services.net> to Mohammed Syed at the e-mail

INDICTMENT - 21
P51003GJ GJA.wpd

1   address "msayedholland@juno.com" , requesting Mohammed Syed to specify
2   what "James Monroe University" "degree" he wanted.

3       83.     On or about May 14, 2005, defendant HEIDI KAE LORHAN, using
4   the fictitious identity of "James," sent an e-mail from "University-
5   Services<forward1@university-services.net> to Mohammed Syed at the e-mail
6   address "msayedholland@juno.com" , notifying Mohammed Syed that "James
7   Monroe University" could grant "degrees" in environmental engineering and
8   chemistry.

9       84.     On or about May 17, 2005, defendant HEIDI KAE LORHAN, using
10  the fictitious identity "James Hunter" of the "Admissions" Office of "James
11  Monroe University," sent an e-mail from "University-
12  Services<forward1@university-services.net> to Mohammed Syed at the e-mail
13  address "msayedholland@juno.com" , notifying Mohammed Syed that "James
14  Monroe University's Office of Admissions" had approved him for the following
15  "degrees:" "Bachelor of Science in Environmental Engineering;" "Bachelor of
16  Science in Chemistry;" "Master of Science in Environmental Engineering;" and
17  "Master of Science in Chemistry;" that "James Monroe University takes pride in
18  its graduates;" that Mohammed Syed was "in the top percentage of applicants;"
19  that "James Monroe University" accepts payment for "graduation fees" by Visa,
20  Mastercard, American Express, PayPal, bank wire transfer, and check; and that he
21  could pay online at www.university-services.net/jamesmonroe/fp_ja.html or by
22  telephone.

23      85.     On or about May 19, 2005, defendant HEIDI KAE LORHAN, using
24  the fictitious identity of "James," sent an e-mail from "University-
25  Services<forward1@university-services.net> to Mohammed Syed at the e-mail
26  address "msayedholland@juno.com" , requesting Mohammed Syed to resubmit his
27  payment for his fraudulent "James Monroe University" academic documents at
28  www.university-services.net/jamesmonroe/fp_ja.html.

INDICTMENT - 22
P51003GJ GJA.wpd

86.    On or about May 22, 2005, defendant HEIDI KAE LORHAN, using the fictitious identity of "James," sent an e-mail from "University-Services<forward1@university-services.net> to Mohammed Syed at the e-mail address "msayedholland@juno.com" , attaching "proofs" of the fraudulent "degrees" he purchased from "James Monroe University" and notifying him that "seals, signatures, borders and backgrounds will appear on your original documents."

87.    On or about May 23, 2005, defendant HEIDI KAE LORHAN, using the fictitious identity of "James," sent an e-mail from "University-Services<forward1@university-services.net> to Mohammed Syed at the e-mail address "msayedholland@juno.com" , notifying Mohammed Syed that the academic products he purchased would be printed and shipped.

**Amy Leann Hensley**

88.    At a date unknown, but beginning at least in or about 2001, defendant AMY LEANN HENSLEY used the fictitious identity "Advisor Tim" when communicating over the internet with consumers about fraudulent academic products.

89.    At a date unknown, but at least by on or about January 12, 2001, defendant AMY LEANN HENSLEY fabricated an identity and falsely represented herself as being "Elizabeth A. Worthington" to consumers and companies that wanted a verification of an employee's or potential employee's educational achievements.

90    On or about January 12, 2001, defendant AMY LEANN HENSLEY, using the false identity "Elizabeth A. Worthington" of the "Evaluation and Endorsement Center, P.O. Box 3043, Coeur d'Alene, Idaho 83816, 1-800-375-5033 Graduate Records," sent several false documents (including a certification of graduation) via facsimile transmission overseas to a degree consumer's employer's Personnel Office.

INDICTMENT - 23
P51003GJ GJA.wpd

1    91.    At a date unknown, but at least by on or about January 12, 2001,

2  defendant AMY LEANN HENSLEY stamped or signed several fraudulent

3  academic documents under the fabricated name of "Elizabeth A. Worthington,"

4  including a transcript for an individual who purchased a Bachelor of Science in

5  Medical Engineering "degree" from one of defendants DIXIE ELLEN

6  RANDOCK and STEVEN KARL RANDOCK, SR.'s diploma mill businesses.

7    92.    On or about June 15, 2004, defendant AMY LEANN HENSLEY sent

8  an e-mail to a consumer in Riyadh, Saudi Arabia, instructing the consumer to pay

9  AEIT $1,670 in fees via Western Union for a fraudulent "degree."

10    93.    At a date unknown, but at least by on or about March 10, 2005,

11  defendant AMY LEANN HENSLEY, using the rubber stamp which contained the

12  forged signature of defendant BLAKE ALAN CARLSON, affixed defendant

13  BLAKE ALAN CARLSON'S signature as the "Chief Provost" of "James Monroe

14  University" to a "Bachelor of Arts in Business Administration Degree," which had

15  been sold to a United States Department of Homeland Security, Secret Service

16  Special Agent, who was acting in an undercover capacity using the name Anthony

17  Aaron Gwynn.

18    94.    At a date unknown, but at least by on or about April 28, 2005, and in

19  order to continue to work for the diploma mill from her house, defendant AMY

20  LEANN HENSLEY removed one of the computers from one of the diploma mill

21  operations centers located at 601 East Seltice Way, Suite 8B, Post Falls, Idaho, to

22  her residence located in Spokane, Washington.

23  **Roberta Lynn Markishtum**

24    95.    Beginning in or about 2002, defendant ROBERTA LYNN

25  MARKISHTUM, printed from the basement of a building located at 14525 North

26  Newport Highway, Mead, Washington, numerous false and fraudulent academic

27  products which had been sold to consumers by defendants DIXIE ELLEN

28  RANDOCK and STEVEN KARL RANDOCK, SR.'s diploma mills.

INDICTMENT - 24
P51003GJ GJA.wpd

96.    Beginning in or about 2002, defendant ROBERTA LYNN MARKISHTUM answered telephone inquiries regarding defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.'s diploma mill businesses, received payments from consumers who had purchased fraudulent academic products, and processed credit card payments.

97.    Beginning in or about 2002, defendant ROBERTA LYNN MARKISHTUM, at defendant DIXIE ELLEN RANDOCK's instructions, would falsely represent to diploma mill consumers that she was physically located in Delaware or Washington, D.C., when, in truth and fact, she was located in Post Falls, Idaho, or Mead, Washington.

98.    Beginning in or about 2002, defendant ROBERTA LYNN MARKISHTUM, at defendant DIXIE ELLEN RANDOCK's instructions, falsely represented to consumers that defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.'s "schools" were located in West Africa, when in truth and fact, they were located in the States of Washington and Idaho.

99.    Beginning in or about 2002, defendant ROBERTA LYNN MARKISHTUM would manufacture false and fraudulent transcripts for consumers who had paid fees to defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.'s diploma mill businesses.

100.    Beginning in or about 2002, defendant ROBERTA LYNN MARKISHTUM was instructed by defendant DIXIE ELLEN RANDOCK to mail fraudulent academic products to consumers the cheapest way possible.

101.    Beginning in or about 2002, defendant ROBERTA LYNN MARKISHTUM communicated with consumers via the internet using the e-mail address "printer@university-services.net."

102.    On or about August 30, 2004, defendant ROBERTA LYNN MARKISHTUM, using the e-mail address "printer@university-services.net," notified a consumer that she had received payment for the fabricated transcript and

INDICTMENT - 25
P51003GJ GJA.wpd

1  the fabricated transcript would be mailed to the consumer.

2      103. On or about September 2, 2004, defendant ROBERTA LYNN

3  MARKISHTUM, using the e-mail address "printer@university-services.net,"

4  communicated to a consumer that she would send the documents regarding his

5  "degrees" via overnight delivery.

6      104. On or about September 2, 2004, defendant ROBERTA LYNN

7  MARKISHTUM, using the e-mail address "printer@university-services.net,"

8  communicated to a consumer notifying the consumer that the fraudulent PhD

9  apostille he had purchased had been shipped to the consumer via DHL.

10      105. On or about September 10, 2004, defendant ROBERTA LYNN

11  MARKISHTUM, using the e-mail address "printer@university-services.net,"

12  communicated to a consumer regarding the shipment of fraudulent academic

13  products to the consumer in India.

14      106. On or about September 15, 2004, defendant ROBERTA LYNN

15  MARKISHTUM, using the e-mail address "printer@university-services.net,"

16  communicated with defendant DIXIE ELLEN RANDOCK, who was using the e-

17  mail address "forwardinfo@university-services.net," regarding a fraudulent

18  "diploma" a consumer in New Jersey had purchased from one of defendants

19  DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.'s diploma mill

20  businesses.

21      107. On or about May 3, 2005, defendant ROBERTA LYNN

22  MARKISHTUM, using an Idaho telephone number, falsely identified herself as

23  being "Jennifer Greene" of "OTAC" in Delaware to a Special Agent, United States

24  Secret Service, Department of Homeland Security, who was acting in an

25  undercover capacity, using the name Bob Winthrop. The undercover agent posed

26  as an employee of the Transportation Security Administration (TSA) who was

27  attempting to verify the academic credentials of Jeffrey Rowley, who had applied

28  as a baggage screener for TSA. Defendant ROBERTA LYNN MARKISHTUM

1 represented that Jeffrey Rowley had been a student of "James Monroe University,"

2 and had obtained an Associate of Arts degree and a Bachelor of Arts degree in

3 Pre-law from "James Monroe University."

4     108. On or about May 19, 2005, defendant ROBERTA LYNN

5 MARKISHTUM falsely identified herself as being "Jennifer Greene" of "OTAC"

6 to a Special Agent, United States Secret Service, Department of Homeland

7 Security, who was acting in an undercover capacity, using the name Bob

8 Winthrop, and posing as an employee of the Transportation Security

9 Administration, and falsely represented that "James Monroe University" was fully

10 accredited, was equivalent in accreditation to the University of Phoenix, and that

11 "James Monroe University" required full course work for each class and degree

12 program.

13 **Richard John Novak**

14     109. At a date unknown, but at least by in or about 2002, defendant

15 RICHARD JOHN NOVAK made numerous trips to Washington, D.C., in order to

16 process and obtain "apostilles" for false and fraudulent "degrees" sold to

17 consumers by one or more of defendants DIXIE ELLEN RANDOCK and

18 STEVEN KARL RANDOCK, SR.'s diploma mills.

19     110. In or about 2002, at the request of defendants DIXIE ELLEN

20 RANDOCK and STEVEN KARL RANDOCK, SR., defendant RICHARD JOHN

21 NOVAK traveled to Monrovia, Liberia, in order to open a small office in Liberia,

22 hire a person who could answer the telephone, saying "Saint Regis" or "James

23 Monroe" and to create the appearance to consumers that "Saint Regis University"

24 and "James Monroe University" were legitimate Liberian institutions of higher

25 learning.

26     111. At a date unknown, but in or about 2002, defendant RICHARD

27 JOHN NOVAK provided "signature samples" to defendants DIXIE ELLEN

28 RANDOCK and STEVEN KARL RANDOCK, SR. in order for his signature to be

1 | affixed to fraudulent academic products sold to consumers.

2 |     112.  On or about July 22, 2002, defendant RICHARD JOHN NOVAK

3 | traveled to Washington, D.C., on behalf of defendants DIXIE ELLEN RANDOCK

4 | and STEVEN KARL RANDOCK, SR., in order to obtain apostilled and notarized

5 | documents for consumers who had purchased fraudulent academic products.

6 |     113.  At a date unknown, but at least by in or about 2003, defendant

7 | RICHARD JOHN NOVAK made several trips to Liberia and met with individuals

8 | not named in this Indictment regarding one or more of defendants DIXIE ELLEN

9 | RANDOCK and STEVEN KARL RANDOCK, SR.'s diploma mills.

10 |     114.  On or about January 14, 2003, defendant RICHARD JOHN NOVAK

11 | traveled to Washington, D.C., for the purpose of obtaining "apostilles" for

12 | fraudulent academic products sold to consumers by defendants DIXIE ELLEN

13 | RANDOCK and STEVEN KARL RANDOCK, SR.

14 |     115.  On or about May 17, 2005, defendant RICHARD JOHN NOVAK,

15 | using the e-mail address "degrees@university-services.net," communicated with a

16 | Special Agent with the United States Secret Service, Department of Homeland

17 | Security, who was acting in an undercover capacity using the name Greg Roberts,

18 | and who was posing as a businessman interested in affiliating with, or purchasing

19 | one of defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK's

20 | diploma mill businesses, via the internet that defendants DIXIE ELLEN

21 | RANDOCK and STEVEN KARL RANDOCK, SR. were interested in selling

22 | 'Robertstown University."

23 |     116.  Beginning in or about 2002, and continuing until in or about 2005,

24 | defendant RICHARD JOHN NOVAK received approximately $40,000 from

25 | defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR. for

26 | his services to the diploma mill businesses.

27 |

28 |

INDICTMENT - 28
P51003GJ GJA.wpd

**Blake Alan Carlson**

117.   Beginning in or about 2001, defendant BLAKE ALAN CARLSON manufactured numerous false and fraudulent rubber stamps and seals for defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR. to use on fraudulent documents sold to consumers by their diploma mill businesses.

118.   At a date unknown, but at least by in or about 2002, defendant BLAKE ALAN CARLSON purchased a laptop computer so he could communicate with potential consumers throughout the world about selling them false and fraudulent academic products.

119.   In or about 2002, defendant BLAKE ALAN CARLSON was instructed by defendant DIXIE ELLEN RANDOCK to send out a form letter to potential consumers of defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.'s diploma mill products.

120.   On or about October 26, 2003, defendant BLAKE ALAN CARLSON, using the e-mail address "admin@degreetoday.com," instructed another individual not named in this Indictment to set up a special bank account in order for "Saint Regis University" to receive payment for fraudulent degrees it was going to sell.

121.   On or about June 10, 2004, defendant BLAKE ALAN CARLSON, using the e-mail address "admin@degreetoday.com," notified an individual that "World Chapel Ministries" was the "theological division" of "Saint Regis University."

122.   On or about August 30, 2004, defendant BLAKE ALAN CARLSON e-mailed defendant ROBERTA LYNN MARKISHTUM, instructing her to print backdated academic documents purchased by a consumer; to charge the consumer's credit card fifty-percent of the normal fee; and to print a false Liberian accreditation document on the back of the consumer's transcript.

123.   On or about July 28, 2005, defendant BLAKE ALAN CARLSON

INDICTMENT - 29
P51003GJ GJA.wpd

1  communicated with a consumer who had previously purchased a Bachelor and

2  Masters "degree" from Saint Regis University about sending the consumer's

3  potential employer documents which would falsely represent that the consumer's

4  degree was from a legitimate university.

5       124.  On or about August 1, 2005, defendant BLAKE ALAN CARLSON

6  forwarded an e-mail he had received from a consumer who had purchased

7  fraudulent academic products from "Saint Regis University" to defendants DIXIE

8  ELLEN RANDOCK and STEVEN KARL RANDOCK, SR. regarding the

9  consumer's request that, in order to qualify for a job that pays $15,000 more than

10 what she was currently earning, defendants BLAKE ALAN CARLSON, DIXIE

11 ELLEN RANDOCK, and STEVEN KARL RANDOCK, SR. send by United

12 States mail, facsimile transmission, and e-mail an accreditation verification to the

13 Human Resources Department of the consumer's potential employer.

14      125.  On or about August 3, 2005, defendant BLAKE ALAN CARLSON,

15 using the e-mail address "blake@spokanedance.com," forwarded an e-mail that he

16 had received from info@university-services.net notifying the consumer that she

17 will be charged $300 for such an accreditation report.

18 **Kenneth Wade Pearson**

19      126.  Beginning in or about 2002, and continuing to on or about August 11,

20 2005, defendant KENNETH WADE PEARSON hosted several of defendants

21 DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.'s diploma mill

22 and related websites from computers located at his residence in Spokane,

23 Washington.

24      127.  In or about 2002, at the instruction of defendant DIXIE ELLEN

25 RANDOCK, defendant KENNETH WADE PEARSON sent "spam" e-mail to

26 potential consumers of defendants DIXIE ELLEN RANDOCK and STEVEN

27 KARL RANDOCK, SR.'s diploma mill products.

28

INDICTMENT - 30
P51003GJ GJA.wpd

128.   In or about 2002, defendant KENNETH WADE PEARSON printed "archived transcripts" at the request of defendant DIXIE ELLEN RANDOCK.

129.   Beginning in or about 2002, defendant KENNETH WADE PEARSON forwarded e-mail messages in connection with defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR.'s diploma mill businesses.

130.   In or about 2003, at the instruction of defendant DIXIE ELLEN RANDOCK, defendant KENNETH WADE PEARSON registered a web domain by the name of www.liberianembassy.com.

131.   At a date unknown, but at least by on or about August 11, 2005, defendant KENNETH WADE PEARSON built a computer system for defendant RICHARD JOHN NOVAK to use in connection with the sale of fraudulent degrees.

All in violation of Title 18, United States Code, Sections 371, 1341, and 1343.

### COUNT 2
### (Conspiracy to Launder Monetary Instruments)

132.   The Allegations set forth in Paragraphs 1 through 131 are realleged and incorporated herein by reference.

133.   That beginning on a date unknown but at least during 2002, until on or about November 16, 2004, in the Eastern District of Washington, defendants DIXIE ELLEN RANDOCK and STEVEN KARL RANDOCK, SR. did willfully and knowingly combine, conspire, confederate and agree with each other and with other persons, both known and unknown to the Grand Jury, to commit the following offenses against the United States, to wit: laundering monetary instruments with the intent to promote the scheme and artifice to defraud by selling fraudulent academic products, to disguise the nature, the location, the

INDICTMENT - 31
P51003GJ GJA.wpd

source, the ownership and the control of the proceeds of the scheme and artifice to defraud, and to transport, transmit, transfer, attempt to transport, transmit, and transfer the proceeds of the scheme and artifice to defraud, from a place in the United States to or through a place outside the United States, from a place outside the United States to a place outside the United States, and to a place in the United States from or through a place outside the United States, with the intent to promote the scheme and artifice to defraud, knowing that the monetary instruments involved in the transportation represented the proceeds from the scheme and artifice to defraud by wire and mail fraud and knowing that such transportation, transmission, transfer, and attempted transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and the control of the proceeds of the scheme and artifice to defraud, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), (B)(I), and 1957(a) and Title 18 United States Code, Sections 1956(a)(2)(A) and (B)(i); all in violation of Title 18 United States Code, Section 1956(h).  In furtherance of said conspiracy, one or more of the defendants conducted the following transactions:

| Item | Date | Amount Deposited | Description |
|------|------|------------------|-------------|
| 1 | 7/23/02 | $52,777.33 | Wire Transfer |
| 2 | 8/2/02 | $50,000.00 | Transfer from Checking to Savings |
| 3 | 8/30/02 | $12,846.92 | Wire Transfer |
| 4 | 9/13/02 | $17,760.14 | Wire Transfer |
| 5 | 9/20/02 | $ 8,010.94 | Wire Transfer |
| 6 | 9/24/02 | $50,000.00 | Wire Transfer |
| 7 | 9/27/02 | $ 9,870.99 | Wire Transfer |
| 8 | 10/11/02 | $12,506.16 | Wire Transfer |
| 9 | 11/08/02 | $ 9,601.17 | Wire Transfer |
| 10 | 12/02/02 | $11,682.79 | Wire Transfer |

INDICTMENT - 32
P51003GJ GJA.wpd

| | | | |
|---|---|---|---|
| 11 | 12/20/02 | $10,235.06 | Wire Transfer |
| 12 | 12/27/02 | $10,570.16 | Wire  Transfer |
| 13 | 1/2/03 | $100,000.00 | Transfer from Checking to Savings |
| 14 | 1/10/03 | $13,102.10 | Wire Transfer |
| 15 | 1/16/03 | $10,012.00 | Wire  Transfer |
| 16 | 1/17/03 | $14,649.87 | Wire Transfer |
| 17 | 1/24/03 | $11,094.85 | Wire Transfer |
| 18 | 11/13/03 | $194,638.88 | Wire Transfer |
| 19 | 11/28/03 | $12,495.92 | Wire Transfer |
| 20 | 3/22/04 | $30,300.00 | Cashier's Check |
| 21 | 3/22/04 | $30,300.00 | Cashier's Check |
| 22 | 3/22/04 | $32,300.00 | Check |
| 22 | 5/4/04 | $15,000.00 | Wire  Transfer |
| 23 | 5/21/04 | $20,250.00 | Check |
| 24 | 5/21/04 | $20,250.00 | Check Deposit |
| 25 | 7/6/04 | $31,119.56 | Wire Transfer |
| 26 | 7/12/04 | $30,000.00 | Cashier's Check |
| 25 | 7/13/04 | $30,000.00 | Check |
| 26 | 8/10/04 | $18,000.00 | Check Deposit |
| 27 | 10/4/04 | $20,000.00 | Wire Transfer |
| 28 | 11/10/04 | $60,000.00 | Check |
| 29 | 11/10/04 | $60,000.00 | Cashier's Check |
| 30 | 11/16/04 | $17,500.00 | Wire Transfer |
| **Total** | | **$1,026,874.80** | |

INDICTMENT - 33
P51003GJ GJA.wpd

1

Count 3

(Criminal Forfeiture)

Forfeiture Pursuant to Title 18, United States Code, Section 981

134.    Upon conviction of the offense alleged in Count 1 of this Indictment,

defendants DIXIE ELLEN RANDOCK, STEVEN KARL RANDOCK, SR.,

RICHARD JOHN NOVAK, BLAKE ALAN CARLSON, AMY LEANN

HENSLEY, HEIDI KAE LORHAN, ROBERTA LYNN MARKISHTUM, and

KENNETH PEARSON each shall forfeit to the United States, pursuant to Title 18,

United States Code, Section 981(a)(1)(C) and Title 28, United States Code,

Section 2461(c), any property constituting or derived from proceeds obtained

directly or indirectly as a result of the conspiracy including, but not limited to, the

following:

**REAL PROPERTY**

135.    All that lot or parcel of land, together with its buildings,
appurtenances, improvements, fixtures, attachments and easements, located at
3127 East River Glen Drive, Colbert, Washington, (title to said real property is
vested in Dixie E. Randock, as Trustee of the Children's Future Revocable Trust, a
trust), and Parcel Number 37033.9138 located in Spokane County, Washington,
(title to said real property is vested in Steven Randock and Dixie E. Randock,
husband and wife), more particularly described as:

3127 East River Glen Drive, Colbert, Washington:

> That portion of the Southwest Quarter of Section 3,
> Township 27 North, Range 43 East, W.M. described as
> follows:
>
> Beginning at the Southwest Corner of Section 3; thence
> North 00°04'10" East 73 feet to the True Point of
> Beginning; thence continuing North 00°04'10" East 587
> feet along the section line; thence South 89°52'45" East
> 1,422.87 feet; thence South 00°04'10" West 22.81 feet to
> the centerline of the Little Spokane River; thence South
> 79°12' West 140 feet; thence South 50°50' West 530
> feet; thence South 18°54'06" West 181.74 feet; thence
> South 00°26'24" West 30 feet; thence North 89°52'45"
> West 816.01 feet to the True Point of Beginning; Except
> County Rd;
>
> Also Except the West 400 Feet Thereof.

INDICTMENT - 34
P51003GJ GJA.wpd

Together with all appurtenances, fixtures, attachments, and improvements thereto and thereupon.

SUBJECT to any easements, rights of way, reservations and/or exceptions of record.

Parcel Number 37033.9138, located in Spokane County, Washington:

The West 440 feet of that portion of the Southwest Quarter of Section 3; Township 27 North, Range 43 East, W.M., described as follows;

Beginning at the Southwest Corner of Section 3; thence North 00°04'10" East 73 feet to the True Point of Beginning; thence continuing North 00°04'10" East 587 feet along the section line; thence South 89°52'45" East 1,422.87 feet; thence South 00°04'10" West 22.81 feet to the centerline of the Little Spokane River; thence South 79°12' West 140 feet; thence South 50°50' West 530 feet; thence South 18°54'06" West 181.74 feet; thence South 00°26'24" West 30 feet; thence North 89°52'45" West 816.01 feet to the True Point of Beginning; Except County Rd;

Together with all appurtenances, fixtures, attachments, and improvements thereto and thereupon.

SUBJECT to any easements, rights of way, reservations and/or exceptions of record.

## CURRENCY

$10,320.00 United States currency seized on or about August 11, 2005, from Steven Randock and Dixie Randock.

## CONVEYANCE

2001 Jaguar XK8, VIN: SAJDA42CX1NA13599.

## SAFE DEPOSIT BOX

$43,600.00 United States currency discovered and seized on or about August 11, 2005, from safe deposit box #155, located at American West Bank, rented by Lawrence ("Larry") Randock and/or Steven K. Randock, Sr.

## FUNDS SEIZED FROM BANK ACCOUNTS

1)    Funds in the amount of $2,042.54 United States currency, held in the name of AEIT, Inc., and/or

INDICTMENT - 35
P51003GJ GJA.wpd

Steven Randock and Dixie Randock, seized from Wells Fargo Bank Account Number XXX-XXX2052 on or about August 11, 2005; and,

　　　2)　Funds in the amount of $555.43 United States currency, held in the name of AEIT and/or Steven Randock and Dixie Randock, seized from Bank of Fairfield Account Number XXXX8759 on or about August 11, 2005.

BANK ACCOUNT(S)

　　　1)　$280,000.00 United States funds or other monetary instruments credited to Banc Caribe Account Number CK-XX0941, held in the name of Saint Regise University (AEIT Peer Degree Program) Graduate School, and/or Steven Randock and Dixie Randock;

　　　2)　$150,000.00 United States funds or other monetary instruments credited to Banc Caribe Account Number SV-XX0084, held in the name of Saint Regise University (AEIT Peer Degree Program) Graduate School, and/or Steven Randock and Dixie Randock; and,

　　　3)　$50,000.00 United States funds or other monetary instruments credited to Loyal Bank, Limited Account Number XXXXXXXX2405, held in the names of Steven K Randock and Dixie Randock.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

Forfeiture Pursuant to Title 18, United States Code, Section 982(a)(1)

Pursuant to Title 18, United States Code, Section 982(a)(1), each defendant who is convicted of one or more of the offenses set forth in Count 2 shall forfeit to

INDICTMENT - 36
P51003GJ GJA.wpd

the United States the following property:

a)     All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Title 18, United States Code, Section 1956; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations.

b)     A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.  If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense; and,

c)     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), each defendant shall forfeit substitute property, up to the value of the amount described in paragraphs a and b, if, by any act or omission of the defendant, the property described in paragraphs a and b, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.  All in accordance with Fed. R. Crim. P. 32.2.

The property subject to forfeiture pursuant to Title 18, United States Code, Section 982 includes, but is not limited to, the following:

INDICTMENT - 37
P51003GJ GJA.wpd

## REAL PROPERTY

All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 3127 East River Glen Drive, Colbert, Washington, (title to said real property is vested in Dixie E. Randock, as Trustee of the Children's Future Revocable Trust, a trust), and Parcel Number 37033.9138 located in Spokane County, Washington, (title to said real property is vested in Steven Randock and Dixie E. Randock, husband and wife), more particularly described as:

3127 East River Glen Drive, Colbert, Washington:

That portion of the Southwest Quarter of Section 3, Township 27 North, Range 43 East, W.M. described as follows:

Beginning at the Southwest Corner of Section 3; thence North 00°04'10" East 73 feet to the True Point of Beginning; thence continuing North 00°04'10" East 587 feet along the section line; thence South 89°52'45" East 1,422.87 feet; thence South 00°04'10" West 22.81 feet to the centerline of the Little Spokane River; thence South 79°12' West 140 feet; thence South 50°50' West 530 feet; thence South 18°54'06" West 181.74 feet; thence South 00°26'24" West 30 feet; thence North 89°52'45" West 816.01 feet to the True Point of Beginning; Except County Rd;
Also Except the West 400 Feet Thereof.

Together with all appurtenances, fixtures, attachments, and improvements thereto and thereupon.

SUBJECT to any easements, rights of way, reservations and/or exceptions of record.

Parcel Number 37033.9138, located in Spokane County, Washington:

The West 440 feet of that portion of the Southwest Quarter of Section 3; Township 27 North, Range 43 East, W.M., described as follows;

Beginning at the Southwest Corner of Section 3; thence North 00°04'10" East 73 feet to the True Point of Beginning; thence continuing North 00°04'10" East 587 feet along the section line; thence South 89°52'45" East 1,422.87 feet; thence South 00°04'10" West 22.81 feet to the centerline of the Little Spokane River; thence South 79°12' West 140 feet; thence South 50°50' West 530 feet; thence South 18°54'06" West 181.74 feet; thence South 00°26'24" West 30 feet; thence North 89°52'45" West 816.01 feet to the True Point of Beginning; Except County Rd;

Together with all appurtenances, fixtures, attachments, and improvements thereto and thereupon.

SUBJECT to any easements, rights of way, reservations and/or exceptions of record.

## CURRENCY

$10,320.00 United States currency seized on or about August 11, 2005, from Steven Randock and Dixie Randock.

## CONVEYANCE

2001 Jaguar XK8, VIN: SAJDA42CX1NA13599.

## SAFE DEPOSIT BOX

$43,600.00 United States currency discovered and seized on or about August 11, 2005, from safe deposit box #155, located at American West Bank, rented by Lawrence ("Larry") Randock and/or Steven K. Randock, Sr.

## FUNDS SEIZED FROM BANK ACCOUNTS

1)    Funds in the amount of $2,042.54 United States currency, held in the name of AEIT, Inc., and/or Steven Randock and Dixie Randock, seized from Wells Fargo Bank Account Number XXX-XXX2052 on or about August 11, 2005; and,

2)    Funds in the amount of $555.43 United States currency, held in the name of AEIT and/or Steven Randock and Dixie Randock, seized from Bank of Fairfield Account Number XXXX8759 on or about August 11, 2005.

## BANK ACCOUNT(S)

1)    $280,000.00 United States funds or other monetary instruments credited to Banc Caribe Account Number CK-XX0941, held in the name of Saint Regise University (AEIT Peer Degree Program) Graduate School, and/or Steven Randock and Dixie Randock;

2)    $150,000.00 United States funds or other monetary instruments credited to Banc Caribe Account Number SV-XX0084, held in the name of Saint Regise University (AEIT Peer Degree Program) Graduate School, and/or Steven Randock and Dixie Randock; and,

3)    $50,000.00 United States funds or other monetary

INDICTMENT - 39
P51003GJ GJA.wpd

1   instruments credited to Loyal Bank, Limited Account
    Number XXXXXXXX2405, held in the names of Steven
2   K Randock and Dixie Randock.

3   All pursuant to Title 18, United States Code, Section 982(a)(1).

4

5   DATED this ___4___ day of October, 2005.

6                                    A TRUE BILL

7

8                                    _____
9                                    Foreperson
    _Thomas O. Rice_
    _Criminal Chief_
10  _for_
    James A. McDevitt
11  United States Attorney

12
    George J.C. Jacobs, III
13  Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDICTMENT - 40
P51003GJ GJA.wpd